# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**BARBARA L. McCRARY,**

    **Plaintiff,**

vs.                                   **CASE NO. 1:17cv188-MW/CAS**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social**
**Security,**

    **Defendant.**

_____/

## RECOMMENDED ORDER

As the prevailing party in this case, ECF Nos. 13-15, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] ECF No. 16. Plaintiff's attorney reports expending 5.7 hours for work performed on behalf of the Plaintiff in this Court. Timesheets reflect the hours spent and the description of services. ECF No. 16 at 10-11. The Commissioner does not object to the amount requested. ECF No. 17.

---

[1] In Shalala v. Schaefer, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA. This case was reversed and remanded pursuant to the Commissioner's consent motion to reverse and remand. ECF No. 12.

Case No. 1:17cv188-MW/CAS

In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically require 25 to 30 hours to complete. See, e.g., Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010), adopted, 2010 U.S. Dist. LEXIS 51612 (N.D. Fla. June 10, 2010);[2] see also Seamon v. Astrue, No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, at *4 (D. Or. Sept. 18, 2012) (range of 20 to 40 hours).

The hourly rate of $195.96 is reasonable when adjusted for inflation. The total time for which compensation is sought is reasonable.

In accordance with Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney. Since the fee was assigned to Plaintiff's attorney, payment of the fee to Plaintiff's attorney is authorized so long as Plaintiff has no debt to the United States, and any such debt will be offset before payment.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's unopposed motion for attorney's fees, ECF No. 16, be **GRANTED** and Plaintiff awarded attorney's fees in the amount of $1,116.97 as a reasonable EAJA attorney's fee. The Commissioner should be afforded,

---

[2] The Court in Jackson noted that some cases may exceed those parameters. 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010).

however, the opportunity to offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with Astrue v. Ratliff.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2018.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 1:17cv188-MW/CAS